UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

OPERATING ENGINEERS LOCAL 139
HEALTH BENEFIT FUND,

CENTRAL PENSION FUND OF THE
INTERNATIONAL UNION OF OPERATING
ENGINEERS AND PARTICIPATING EMPLOYERS,

WISCONSIN OPERATING ENGINEERS
SKILL IMPROVEMENT AND
APPRENTICESHIP FUND,

JOINT LABOR MANAGEMENT WORK
PRESERVATION FUND,

TERRANCE E. MCGOWAN, as a Trustee of said Funds, and

INTERNATIONAL UNION OF OPERATING
ENGINEERS, LOCAL 139, AFL-CIO,

                 Plaintiffs,

   v.

GRAHAM & ASSOCIATES, LLC,
a Wisconsin limited liability company,

                 Defendant.

CIVIL NO.:

HON:

---

**COMPLAINT**

---

The Plaintiffs, OPERATING ENGINEERS LOCAL 139 HEALTH BENEFIT FUND, CENTRAL PENSION FUND OF THE INTERNATIONAL UNION OF OPERATING ENGI-NEERS AND PARTICIPATING EMPLOYERS, WISCONSIN OPERATING ENGINEERS SKILL

IMPROVEMENT AND APPRENTICESHIP FUND, JOINT LABOR MANAGEMENT WORK PRESERVATION FUND, TERRANCE E. MCGOWAN, as a Trustee of said Funds, and INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 139, AFL-CIO, by their attorneys, complaining of the Defendant, GRAHAM & ASSOCIATES, LLC, a Wisconsin limited liability company, allege as follows:

COUNT I

1. This action arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132, 1145 (hereinafter referred to as "ERISA"). Jurisdiction is based upon the existence of questions arising thereunder, as hereinafter more fully appears.

2. Plaintiffs, OPERATING ENGINEERS LOCAL 139 HEALTH BENEFIT FUND, CENTRAL PENSION FUND OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS, and WISCONSIN OPERATING ENGINEERS SKILL IMPROVEMENT AND APPRENTICESHIP FUND, are "employee welfare benefit plans" and "plans" within the meaning of ERISA, Plaintiff MCGOWAN being a now-acting fiduciary thereof. The Funds are administered within this district.

3. Defendant is a party to a collective bargaining agreement with Local 139 of the International Union of Operating Engineers, AFL-CIO.

4. Defendant is obligated to make fringe benefit contributions to Plaintiffs under the terms of the collective bargaining agreement to which Defendant is a party with Local 139 of the International Union of Operating Engineers, AFL-CIO. Defendant is obligated to make fringe benefit contributions to Plaintiffs under the terms of certain trust agreements that are incorporated

2

by reference in the aforesaid collective bargaining agreement and establish and govern the Plaintiff Funds.

5. Defendant is an "Employer" within the meaning of ERISA and is obligated to make fringe benefit contributions to Plaintiffs pursuant to ERISA, 29 U.S.C. §1145.

6. As an Employer obligated to make fringe benefit contributions to Plaintiffs under the collective bargaining agreement and trust agreements, Defendant is specifically required to do the following:

   (a) To submit for each month a report stating the names, Social Security numbers, and number of hours worked in such month by each and every person on whose behalf contributions are required to be made by Defendant to Plaintiffs, or, if no such persons are employed, to submit a report so stating;

   (b) To accompany the aforesaid reports with payment of contributions based upon an hourly rate as stated in the applicable collective bargaining agreement or agreements;

   (c) To make all of its payroll books and records available to Plaintiffs for the purpose of auditing the same to verify the accuracy of Defendant's past reporting upon request made by Plaintiffs;

   (d) To compensate Plaintiffs for the additional administrative costs and burdens imposed by delinquency or untimely payment of contributions by way of the payment of liquidated damages in the amount of twenty (20%) percent of any and all contributions which are not received by Plaintiffs for a particular month prior to the 15th day of the succeeding month, plus interest on the late payments of 1 1/2% per month simple interest to compensate for the loss of use of the money;

   (e) To pay any and all costs incurred by Plaintiffs in auditing Defendant's payroll records should it be determined that Defendant was delinquent in the reporting or submission of all contributions required by it to be made to Plaintiffs;

   (f) To pay Plaintiffs' reasonable attorneys' fees and costs necessarily incurred in the prosecution of any action to require Defendant to submit its payroll books and records for audit or to recover delinquent contributions;

   (g) To furnish to Plaintiffs a bond with good and sufficient surety thereon, in an amount acceptable to Plaintiffs, to cover future contributions due the Plaintiffs.

3

7. Defendant is delinquent and has breached its obligations to Plaintiffs and its obligations under the Plans in the following respect:

> Defendant has failed to make payment of contributions, liquidated damages, interest, and audit fees based upon an audit of the Defendant's payroll records showing Defendant to have been delinquent in the payment of contributions and to have reported hours worked by its Employees incorrectly to Plaintiffs.

8. That upon careful review of all records maintained by them, and after application of any and all partial payments made by Defendant, there is a total of $248,473.27 known to be due Plaintiffs from Defendant, subject however, to the possibility that additional monies may be due Plaintiffs from Defendant, based upon Defendant's failure to submit all required reports or to accurately state all hours for which contributions are due on reports previously submitted, and subject further to the possibility that additional contributions and liquidated damages will come due during the pendency of this lawsuit.

9. Plaintiffs have requested that Defendant perform its obligations, but Defendant has failed and refused to so perform.

10. Defendant's continuing refusal and failure to perform its obligations to Plaintiffs is causing and will continue to cause irreparable injuries to Plaintiffs for which Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs pray:

A. That an account be taken as to all employees of Defendant covered by the collective bargaining agreement as to wages received and hours worked by such employees to determine amounts required to be paid to the Plaintiffs, covering the period for which the collective bargaining agreement is to be effective;

B. That Defendant be enjoined and ordered to submit all delinquent monthly contribution reports to Plaintiffs stating the information required to be stated thereon, and to continue submitting such reports while this action is pending;

C. That Judgment be entered in favor of Plaintiffs and against Defendant for all unpaid contributions, liquidated damages, any costs of auditing Defendant's records, and Plaintiffs' reasonable attorneys' fees and Court costs necessarily incurred in this action as specified herein, or as subsequently determined, all as provided for in the Plans and in ERISA;

D. That Defendant be permanently enjoined to perform specifically its obligations to Plaintiffs, and in particular, to continue submitting the required reports and contributions due thereon to Plaintiffs in a timely fashion as required by the plans and by ERISA;

E. That Plaintiffs have such further relief as may be deemed just and equitable by the Court, all at Defendant's cost.

## COUNT II

1. This action arises under the laws of the United States and is brought pursuant to the terms of the Labor-Management Relations Act of 1947, as amended, 29 U.S.C. §185. Jurisdiction is based on the existence of questions arising thereunder as hereinafter more fully appears. The rights asserted herein arise from the same series of transactions as Count I and there are common questions of law and facts to both Counts.

2. Plaintiff Union is a labor organization representing certain of Defendant's employees as the duly authorized collective bargaining representative, and is party to a certain collective bargaining agreement to which Defendant, GRAHAM & ASSOCIATES, LLC, a Wisconsin limited liability company, is also a party and to which said Defendant has agreed to be bound.

3. Under the aforesaid collective bargaining agreement, Defendant has agreed to deduct from the wages of those of its employees represented by Plaintiff Union in collective bargaining and who execute proper written authorization, sums of money as and for union dues, which monies are to be remitted to Plaintiff Union on a monthly basis along with Defendant's regular fringe benefit reports and contributions as described in Count I of this Complaint.

4. Defendant has deducted or has been required to deduct dues from the wages of its employees as required by the collective bargaining agreement, but has failed and refused to remit any part of such monies so deducted to Plaintiff Union, but has instead converted such monies to its own use.

5. The total amount of money which Plaintiff Union knows Defendant to have failed to remit in violation of the collective bargaining agreement is $6,876.17.

6. The Defendant's acts and omissions as described herein constitute a breach of the collective bargaining agreement and entitle Plaintiff Union to recover from Defendant all monies which Defendant was required to remit to Plaintiff Union whether deducted from wages or not and whether traceable or untraceable commingled with Defendant's assets, and further entitle Plaintiff Union to recover from Defendant its damages for breach of Defendant's obligations.

WHEREFORE, Plaintiff Union prays:

A. That judgment be entered in its favor and against Defendant for all sums determined to be due Defendant to Plaintiff Union;

B. That Plaintiff Union recover from Defendant its damages and all costs of collection and recovery including its reasonable attorneys' fees and costs;

C. That Plaintiff Union have such further relief as may be considered just and equitable by the Court, all at Defendant's cost.

## COUNT III

1. This action arises under the laws of the United States and is brought pursuant to the terms of the Labor-Management Relations Act of 1947, as amended, 29 U.S.C. §185. Jurisdiction is based on the existence of questions arising thereunder as hereinafter more fully appears. The

rights asserted herein arise from the same series of transactions as Counts I and II and there are common questions of law and facts to all Counts.

2. Plaintiff JOINT LABOR MANAGEMENT WORK PRESERVATION FUND (JLMWPF) is a jointly trusteed labor management cooperative committee established to assist workers and employers in solving problems of mutual concern not susceptible to resolution within the collective bargaining process, to improve the employment opportunities of employees, to expand the market for the construction industry, to improve communications between labor and management, and to provide workers and employers with opportunities to explore joint approaches to organization and effectiveness. Plaintiff MCGOWAN is currently a fiduciary thereof.

3. Defendant, GRAHAM & ASSOCIATES, LLC, a Wisconsin limited liability company, is a party and to a collective bargaining agreement with Local 139, which requires contributions to Plaintiff JLMWPF at the rate of $ .25/hour for each hour worked by employees performing work covered under the collective bargaining agreement.

4. Defendant has failed to remit the contributions due.

5. The total amount of money which Plaintiff JLMWPF knows Defendant to have failed to remit in violation of the collective bargaining agreement is $23.45.

6. The Defendant's acts and omissions as described herein constitute a breach of the collective bargaining agreement and entitle Plaintiff JLMWPF to recover from Defendant all monies which Defendant was required to remit.

WHEREFORE, Plaintiff JLMWPF prays:

A. That judgment be entered in its favor and against Defendant for all sums determined to be due Defendant to Plaintiff JLMWPF;

B.  That Plaintiff JLMWPF recover from Defendant its damages and all costs of collection and recovery including its reasonable attorneys' fees and costs;

C.  That Plaintiff JLMWPF have such further relief as may be considered just and equitable by the Court, all at Defendant's cost.


/s/   Laura M. Finnegan


Laura M. Finnegan
Attorney for the Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.:  1058640
Telephone:  (312) 236-4316
Facsimile: (312) 236-0241
E-Mail: lmfinnegan@baumsigman.com

I:\139J\Graham & Associates\complaint.lmf.df.wpd